DEMO, Appellant,

v.

DEMO, Appellee.

[Cite as *Demo v. Demo* (1995), 101 Ohio App.3d 383.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–04–099.

Decided Feb. 27, 1995.

---

384

*Mary Lou Kusel,* for appellant.

*Dwight A. Packard,* for appellee.

KOEHLER, Judge.

Plaintiff-appellant, Barbara L. Demo, appeals from a final judgment of divorce granted to her and her former spouse, defendant-appellee Wayne A. Demo, in Butler County on April 8, 1994.

The parties were married on May 4, 1991. Appellant was thirty-nine years old and appellee was thirty-six years old at the time. Their son David was born on January 31, 1992. Appellant and appellee both worked for General Electric, appellee as an advanced manufacturing engineer and appellant as a proposal specialist. Their annual salaries were $60,400 and $35,000, respectively. Appellant, who holds a bachelor's degree in education, was laid off from G.E. in October 1992. She subsequently completed the necessary college credits to become recertified as a teacher in Ohio and was substitute teaching at the time of the divorce hearing with the intent of returning to teaching full time.

Appellant filed for divorce on August 14, 1992 after fifteen months of marriage. The judgment entry and decree of divorce were entered on April 8, 1994 by the Butler County Court of Common Pleas, Domestic Relations Division. Appellant raises four assignments of error on appeal:

"Assignment of Error No. 1:

"The trial court erred to the prejudice of the plaintiff/appellant by failing to value and divide the appellee's stock option plan as marital property.

"Assignment of Error No. 2:

"The trial court erred to the prejudice of the plaintiff/appellant in dividing the equity in the marital home.

"Assignment of Error No. 3:

"The trial court erred to the prejudice of the plaintiff/appellant by failing to order the appellee to reimburse the appellant for expenses.

"Assignment of Error No. 4:

"The trial court erred to the prejudice of the plaintiff/appellant by failing to award attorney fees to the appellant."

In her first assignment of error, appellant argues that the trial court abused its discretion in finding that appellee's G.E. stock option plan was nonmarital property. We disagree.

On May 22, 1992, appellee received a stock option award through the G.E. Long Term Incentive Plan. The G.E. documents submitted as an exhibit by appellee describe the plan as one "intended to provide special recognition and potential long-term value to key employees who demonstrate sustained high performance." Appellee was granted an option to purchase five hundred shares of G.E. stock at $76.6250 per share. The option matures and can be exercised with respect to one hundred twenty-five shares annually beginning November 22, 1992 and ending November 22, 1995. The option expires May 22, 2002.

The trial court concluded that since appellee did not exercise the option during the marriage, and the option would not be exercised using marital funds, the stock option award was appellee's separate property. Appellant argues that since the option was granted on May 22, 1992, which was during the marriage, it constitutes a marital asset and should have been divided by the trial court.

A trial court may exercise broad discretion in arriving at an equitable property division. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83. A reviewing court may not reverse the trial court's property division unless it constitutes an abuse of discretion. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. An abuse of discretion implies that the court's

attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

 "Separate property" is defined in R.C. 3105.171(A)(6)(a)(ii) as "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage." In this case, although the stock option was awarded to appellee shortly after his marriage to appellant, the award was based on job performance prior to the marriage. Therefore, appellee did not earn the stock option during the marriage. See *Brown v. Brown* (Jan. 19, 1994), Greene App. No. 92–CA–12, unreported, 1994 WL 12457. Nor did he exercise the option through the use of marital funds, as pointed out by the trial court. See *Ammon v. Ammon* (Mar. 6, 1989), Clermont App. No. CA88–03–023, unreported, 1989 WL 18871. Since appellee earned the award prior to the marriage and there was no commingling with marital property, the trial court did not abuse its discretion in determining that the stock option was appellee's separate property. Appellant's first assignment of error is overruled.

In appellant's second assignment of error, she argues that the trial court abused its discretion in dividing proceeds from the sale of the marital home because it allegedly credited appellee for expenses outside the down payment, while appellant was credited only for the down payment money she contributed. We find no abuse of discretion in the trial court's division of the sale proceeds.

 The settlement statement provided as an exhibit shows the total purchase price of the home as $142,728.73. The parties had obtained a $113,047 mortgage. Therefore, the settlement balance due was $29,681.73. In addition, there was a $1,130.47 loan acceptance fee, a $2,830 change order paid to the contractor, and a $700 payment to the electrical contractor, all paid from appellee's checking account. These costs were directly related to the construction of the home and should be considered part of the total price. When added to the settlement balance due on the home, the total is $34,342.20. The parties stipulated that appellant contributed $11,543.78 of her separate funds towards the purchase of the home. Since the parties maintained separate bank accounts throughout their marriage, subtracting that figure from the total balance due puts appellee's separate contribution at $22,798.42. The trial court, in its decision, valued appellee's contribution as $22,500 and appellant's as $11,543.78. Based on those figures, the trial court awarded appellee a sixty-six percent share in the proceeds from the sale of the home and awarded appellant the remaining thirty-four percent.

R.C. 3105.171(C)(1) provides that "[i]f an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines

equitable." In light of each party's assets and income potential, and the brief duration of the marriage, the trial court's division of the home sale proceeds in proportion to each party's initial contribution from their separate funds was equitable and not an abuse of discretion. Appellant's second assignment of error is overruled.

In appellant's third assignment of error, she argues that the trial court abused its discretion by failing to order appellee to reimburse appellant for expenses incurred prior to the marriage. Appellant's exhibit lists the expenses, which include payment for cleaning and repair of an antique clock given to the couple prior to their marriage, expenses for appellant's purchase of her own wedding band and remount of her grandmother's diamond ring, $140 given to appellee three years prior to the marriage to buy new tires for his car, payment for appellee's moving expenses into the marital home, and rebate checks for G.E. appliances and for an overpayment to the title company, which appellee deposited into his checking account.

According to a narrative of the proceeding below submitted pursuant to App.R. 9(C), appellant testified that the expenses were marital expenses. As to the 1988 tire purchase money, there was no evidence of a demand for repayment or any other documentation that this was anything other than a gift. Appellant retained her wedding band and engagement ring following the divorce. Appellant also testified that she and appellee had agreed to use the rebate money to purchase something for the house. Overall, the evidence shows that these were funds expended for marital purposes, and supports the trial court's determination that appellant was not entitled to reimbursement. Appellant's third assignment of error is overruled.

In appellant's fourth assignment of error, she argues that the trial court erred as a matter of law in failing to order appellee to pay a portion of appellant's attorney fees. Appellant cites R.C. 3105.18(H), which provides that "the court may award reasonable attorney's fees to either party * * * if it determines that the other party has the ability to pay the attorney's fees." The statute further provides that the "[court] shall determine whether either party will be prevented from fully litigating his rights and adequately protecting his interests if it does not award reasonable attorney's fees." At oral argument, appellant also cited *Mochko v. Mochko* (1990), 63 Ohio App.3d 671, 579 N.E.2d 773, which reversed a trial court's decision denying attorney fees to the wife. In that case, which involved a thirteen-year marriage, the wife was a cosmetologist earning $4 per hour, with a net monthly income of $315 and $690 in monthly expenses.

An award of attorney fees is within the discretion of the trial court, and a decision not to award attorney fees may not be reversed absent abuse of

discretion. *Birath v. Birath* (1988), 53 Ohio App.3d 31, 558 N.E.2d 63. In this case, appellant is a college graduate and is certified to teach in this state. The record reflects that she lives with her parents, has minimal living expenses, and no child care expenses. Appellant also has assets from her teachers retirement plan, the G.E. retirement plan, an IRA account, savings, and her share from the sale of the parties' home. In short, appellant's financial picture is not analogous to that of the wife in *Mochko, supra.* Since she is able to litigate her rights and protect her interests as contemplated by R.C. 3105.18(H), the trial court did not err in determining that the parties should pay their own attorney fees. Appellant's fourth assignment of error is overruled.

*Judgment affirmed.*

JONES, P.J., and WALSH, J., concur.

FRED E. JONES, P.J., retired, of the Twelfth Appellate District, sitting by assignment.