OPINION
{¶ 1} Defendant-appellant/third party plaintiff Roslyn DeVaux appeals the September 22, 2003 Judgment Entry entered by the Stark County Court of Appeals, which granted plaintiffs-appellees Amon Croston and Lois Croston's motion to enforce settlement agreement and motion for sanctions and/or attorney fees. Appellant also appeals the October 20, 2003 Judgment Entry, which granted summary judgment in favor of third party defendants-appellees Ed Fernandez, et al. Additionally, appellant appeals the November 26, 2003 Judgment Entry which awarded judgment against her in the amount of $7,105, for appellees' attorney fees.
 STATEMENT OF THE CASE[1] {¶ 2} On August 21, 2002, appellees Amon and Lois Croston ("the Crostons") filed a Complaint against appellant seeking specific performance relative to real property owned by appellant and purchased at auction by the Crostons. Appellant filed an Answer and Third Party Complaint, naming appellees Ed Fernandez, Ed Fernandez Realtors Auctioneers, Inc. (collectively "Fernandez") and Glen Motts ("Motts") as third party defendants. The third party complaint against Fernandez set forth claims for breach of contract, breach of fiduciary duty, and negligence. The third party complaint against Motts set forth claims for interference with prospective economic advantage, fraud, and slander.
 {¶ 3} During the course of the proceedings, the Crostons entered into a settlement agreement with appellant. However, approximately one month after entering into the agreement, the Crostons filed a motion to enforce settlement agreement and request for attorney fees. Appellant filed a motion in opposition thereto. Via Judgment Entry filed June 16, 2003, the trial court found the Crostons' motion to enforce the settlement agreement was not well taken "at this time." The trial court encouraged the parties to seek an amicable resolution of the issues.
 {¶ 4} Thereafter, on September 2, 2003, the Crostons filed a Motion of Reconsideration of Motion to Enforce Settlement Agreement and Motion for Sanctions. Via Judgment Entry filed September 22, 2003, the trial court granted the Crostons' motions.
 {¶ 5} On September 4, 2003, Fernandez filed a Motion for Summary Judgment. On September 8, 2003, Motts filed a Motion for Summary Judgment. Appellant filed briefs in opposition to both motions. Fernandez and Motts filed their respective reply briefs. Via Judgment Entry filed October 20, 2003, the trial court granted Fernandez's and Motts' motions for summary judgment.
 {¶ 6} On October 30, 2003, and November 21, 2003, the trial court conducted a hearing on the reasonableness of the amount of attorney fees and hourly rate charged by the Crostons' attorney. Via Judgment Entry filed November 26, 2003, the trial court awarded judgment against appellant in the amount of $7,105, plus costs. Appellant filed a notice of appeal from the September 22, 2003, October 20, 2003, and November 26, 2003 Judgment Entries on December 10, 2003.
 {¶ 7} Appellant raises the following assignments of error:
 {¶ 8} "I. The trial court abused its discretion in overruling the motion of Roderick Linton, LLP, by Steven W. Mastrantonio to withdraw as counsel for defendant third-party plaintiff Roslyn Devaux and in not allowing her time to retain new counsel.
 {¶ 9} "II. The trial court, without an evidentiary hearing and based solely on affidavits, erred in granting plaintiffs' motion for reconsideration on their motion to enforce settlement agreement and motion for sanctions and in awarding attorney fees to plaintiffs.
 {¶ 10} "III. The trial court erred in granting third-party defendant Ed Fernandez, et al.'s motion for summary judgment.
 {¶ 11} "IV. The trial court erred in granting third-party defendant glenn motts' motion for summary judgment.
 {¶ 12} "V. The trial court erred in allowing attorney fees to plaintiffs based solely on the time expended without considering the factors set forth in DR 2-106."
 {¶ 13} Initially, we address the timeliness of appellant's appeal. Appellant takes the position the trial court's September 22, and October 20, 2003 Judgment Entries were not final, appealable orders as there were still pending matters to be resolved. Appellant notes neither judgment entry contains Civ. R. 54(B) language "there is no just reason for delay." Appellant further argues a final judgment was not rendered in the action until the trial court filed its November 26, 2003 Judgment Entry, awarding sanctions and attorney fees to the Crostons. We disagree.
 {¶ 14} A claim for attorney fees is collateral to and independent of the primary action. Painter v. Midland SteelProducts Co. (1989), 65 Ohio App.3d 273, 280. Accordingly, when the trial court entered its October 20, 2003 Judgment Entry, granting summary judgment in favor of Fernandez and Motts, all matters related to the various claims of the parties were resolved; therefore, the time in which to perfect an appeal had commenced. Although appellant filed a pro-se notice of appeal on November 20, 2003, such notice was not filed within the prescribed thirty day period pursuant to App. R. 4(A). Accordingly, we find this Court does not have jurisdiction to entertain appellant's appeal with respect to her first four assignments of error; therefore, this appeal is dismissed, in part, for lack of jurisdiction.
 V {¶ 15} In her fifth assignment of error, appellant argues the trial court erred in awarding attorney fees based solely on the time expended without considering the factors set forth in DR 2-106.
 {¶ 16} The decision whether to grant attorney fees is committed to the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. Demo v.Demo (1995), 101 Ohio App.3d 383, 388-389. In determining the amount of attorney fees, a court should consider the factors set forth in DR 2-106: (1) the time and labor involved in maintaining the litigation; (2) the novelty, complexity and difficulty of the questions involved; (3) the professional skill required to perform the necessary legal services; (4) the experience, reputation and ability of the attorneys; (5) the miscellaneous expenses of the litigation; (6) the fee customarily charged in the locality for similar legal services; and (7) the amount involved and the results obtained. See, Villella v. WaikemMotors, Inc. (1989), 45 Ohio St.3d 36, 41.
 {¶ 17} We find appellant has not affirmatively demonstrated from this record the trial court did not consider the aforementioned factors when reaching the decision as to the amount of attorney fees awarded to the Crostons. In its November 26, 2003 Judgment Entry, the trial court found an award of attorney fees in the amount of $7,105.00 was fair and reasonable based upon the testimony of the Crostons and their expert witness. Accordingly, we find the trial court did not abuse it discretion in ordering such an award.
Hoffman, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed, in part, for lack of jurisdiction and affirmed in part. Costs assessed to appellant.
[1] A statement of the facts is not necessary to our disposition of this appeal.