DECISION AND JUDGMENT ENTRY
{¶ 1} Appellee, Vaughn Industries, LLC, has filed a motion to dismiss the appeal filed by International Brotherhood of Electrical Workers, Local Union No. 8 ("Local 8"). Vaughn Industries contends that without a Civ.R. 54(B) determination by the trial court judge that there is no just reason for delay, the August 10, 2006 order from which Local 8 has appealed is not final and appealable. Local 8 has responded with a memorandum stating that Civ.R. 54(B) does not apply to this case and its appeal is properly before the court.
 {¶ 2} The pertinent history is that Local 8 filed a violation of prevailing wage complaint against Vaughn Industries. In its answer, Vaughn Industries prayed for an award of attorney fees pursuant to R.C. 4115.16(D), which states:
 {¶ 3} "Where, pursuant to this section, a court finds a violation of sections 4115.03 to 4115.16 of the Revised Code [covering Wages and Hours on Public Works], the court shall award attorney fees and court costs to the prevailing party. In the event the court finds that no violation has occurred, the court may award court costs and attorney fees to the prevailing party, other than to the director or the public authority, where the court finds the action brought was unreasonable or without foundation, even though not brought in subjective bad faith."
 {¶ 4} On August 10, 2006, the trial court granted summary judgment in favor of Vaughn Industries on the prevailing wage claim, Local 8 filed its appeal, and Vaughn Industries subsequently filed a motion for attorney fees in the trial court. Vaughn Industries contends that since the issue of attorney fees is outstanding, and the August 10, 2006 judgment does not contain a Civ.R. 54(B) no just cause for delay determination, the summary judgment order is not yet final and appealable.
 {¶ 5} Civ.R. 54(B) states:
 {¶ 6} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 7} In Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus, the court states:
 {¶ 8} "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C.2505.02 are met."
 {¶ 9} Local 8 states that Civ.R. 54(B) is not applicable because by not arguing the attorney fee issue in its motion for summary judgment, Vaughn Industries abandoned its claim for attorney fees. Vaughn Industries counters that as long as its claim for attorney fees was made in the original pleadings, it is an outstanding claim until it is ruled on by the trial court. Further, it argues that since it is not entitled to attorney fees unless it prevails, it is clear that the motion for attorney fees must be made after the basic claim has been decided. Appellate courts in several of Ohio's 12 districts have held that when attorney fees are requested in the original pleadings, a judgment that adjudicates all issues except the attorney fee issue is not final absent a Civ.R. 54(B) certification. Russell v. Smith
(Aug. 12, 1987), 1st Dist. No C-860841; Russ v. TRW, Inc.,
(Feb. 2, 1989), 8th Dist. No. 54973; State ex rel. Bushman v.Blackwell, 10th Dist. No. 02AP-419, 2002-Ohio-6753.
 {¶ 10} Our research has uncovered only one Ohio appellant district, the 9th, which holds that when you request attorney fees in the original pleadings, unless you present that claim with your case in chief, you abandon your claim. In Fair Hous.Advocates Assoc., Inc. v. James (1996), 114 Ohio App.3d 104,107, appeal not allowed (1997), 77 Ohio St.3d 1519 the court states:
 {¶ 11} "* * * unless otherwise provided by statute, we hold that attorney fees cannot be awarded after the ultimate conclusion of a case as provided in Civ.R. 58(A). Therefore, a party should either present evidence of its attorney fee expenses at trial or move for an award of fees before the court issues the final judgment.
 {¶ 12} "* * *
 {¶ 13} "* * * FAA could have sought bifurcation pursuant to Civ.R. 42(B), reserving the attorney fee issue until after it had succeeded on the merits. For whatever reason, it chose not to do so. Instead, rather than utilize the prescribed procedures, it simply waited until after the trial and the final judgment entry to move for its fees. Moreover, nothing prevents a party from presenting a claim for attorney fees in its case in chief in a bench trial. In fact, in the instant case, that is what FAA declared it would do in its complaint. However, after such notice, it then failed to present any evidence on the matter at trial." (Footnotes omitted.)
 {¶ 14} See, also, Mollohan v. Court Dev., Inc. (Apr. 28, 2004), 9th Dist No. 03CA008361; Wengerd v. Martin (Apr. 5, 2000), 9th Dist. No. 99CA0004; and Shepherd v. Shea (May 14, 1997), 9th Dist. No. 17974.
 {¶ 15} We decline to follow these cases. First, their holding is overly broad in that it is clear that when attorney fees are not prayed for in the initial pleadings, such as in an attorney fee request under Civ.R. 11, a party may move for and be awarded attorney fees after the conclusion of the case in chief. SeeCroston v. DeVaux, 5th Dist. No. 2003 CA00394, 2003CA00420,2004-Ohio-5472. Even in a case such as the one presently before us, where attorney fees are requested in the original pleadings, it seems overly technical and cumbersome not to allow a post-judgment motion for attorney fees under circumstances where it is not clear who can ask for attorney fees until the case in chief has been decided.
 {¶ 16} Article IV, Section 3(B)(4) of the Ohio Constitution states:
 {¶ 17} "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."
 {¶ 18} In today's decision we hold that where attorney fees are requested in the original pleadings, a judgment that disposes of all the claims between all the parties, except for the attorney fee claim, is not final and appealable without Civ.R. 54(B) no just reason for delay language and a party may file a motion for attorney fees after that judgment has been entered. We find that this holding is in conflict with Fair Hous. AdvocatesAssoc., Inc. v. James (1996), 114 Ohio App.3d 104, appeal not allowed (1997), 77 Ohio St.3d 1519; Mollohan v. CourtDevelopment, Inc. (Apr. 28, 2004), 9th Dist No. 03CA008361;Wengerd v. Martin (Apr. 5, 2000), 9th Dist. No. 99CA0004; andShepherd v. Shea (May 14, 1997), 9th Dist. No. 17974.
 {¶ 19} Given this actual conflict between our district and the 9th Appellate District, we hereby certify the record of this case to the Supreme Court of Ohio for review and final determination on the following question: Where attorney fees are requested in the original pleadings, may a party wait until after judgment on the case in chief is entered to file its motion for attorney fees?
 {¶ 20} The parties are directed to S. Ct. Prac. R. IV for guidance in how to proceed.
 {¶ 21} Accordingly, we find the motion to dismiss well-taken. Since there is an outstanding claim for attorney fees and the judgment of August 10, 2006 does not contain a Civ.R. 54(B) no just reason for delay determination, that judgment is not final and appealable. The motion is granted and this appeal is ordered dismissed. Appellee's motion for an extension of time or to stay the briefing schedule is rendered moot. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Skow, J. concur.