OPINION
{¶ 1} Appellant, Charlotte Hurt, appeals from the judgment of the Warren County Court of Common Pleas, Probate Division, awarding attorney fees to the estate of Homer D. Brate following the court's judgment finding appellant guilty of concealing estate assets pursuant to R.C. 2109.50.
 {¶ 2} On January 31, 2007, the trial court found appellant guilty of concealing assets of her late father's estate after appellee, Sherry Kay Mack-Walsh, the executrix of Homer's estate, initiated a concealment action pursuant to R.C. 2109.50. The trial court found that *Page 2 
appellant had wrongfully retained several items of personal property belonging to the estate and ordered appellant to return those items on or before February 15, 2007. When appellant failed to comply with the order, the trial court entered judgment against her in the amount of the estimated value of the property plus an additional ten percent penalty pursuant to R.C. 2109.52.
 {¶ 3} On February 8, 2007, appellee filed a motion for attorney fees on the concealment action. Following a hearing on May 22, 2007, the trial court awarded attorney fees to the estate in the amount of $14,836.60. Appellant timely appeals that judgment, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT'S JUDGMENT IS CONTRARY TO LAW."
 {¶ 6} In her first assignment of error, appellant argues that in a concealment action brought pursuant to R.C. 2109.50, attorney fees are not recoverable except where a specific statutory provision allows it. The decision whether to grant attorney fees is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Demo v. Demo (1995), 101 Ohio App.3d 383,388-389; In re Estate of Winograd (1989), 65 Ohio App.3d 76.
 {¶ 7} R.C. 2109.50 and R.C. 2109.52 authorize special quasi-criminal proceedings for the discovery of concealed or embezzled assets of an estate. In re: Estate of Fife (1956), 164 Ohio St. 449, paragraph one of the syllabus. R.C. 2109.52 provides that the probate court "shall," upon finding a person guilty of concealing estate assets, "render judgment in favor of the estate against him for such amount or value, together with penalty and costs as provided in this section." Appellant argues that the term "costs" does not give the probate court authority to order the person found guilty to pay the attorney fees associated with the concealment action. *Page 3 
 {¶ 8} It is well-settled that attorney fees are not recoverable except when there is a specific statutory provision allowing such or where "the losing party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons." Carnegie Financial Corp. v. Akron NationalBank (1976), 49 Ohio App.2d 321, 329, quoting Sorin v. Bd. ofEducation (1976), 46 Ohio St.2d 177; Sturm v. Sturm (1992),63 Ohio St.3d 671, 675.
 {¶ 9} Although R.C. 2109.50 and R.C. 2109.52 may not give specific statutory authority to order the payment of attorney fees, the probate court, in its entry awarding attorney fees to the estate, found that appellant acted, "at a minimum," in bad faith when she concealed various estate assets. Furthermore, the probate court's finding of guilt under R.C. 2109.52 "is tantamount to a finding that appellant acted in bad faith and/or for oppressive reasons in concealing the assets."Sexton v. Jude (Sept. 7, 1994), Champaign App. No. CA 14227, quotingIn re Estate of Toth (Nov. 29, 1993), Stark App. No. CA-9312. Therefore, the probate court did not abuse its discretion in awarding attorney fees to the estate. Appellant's first assignment of error is without merit.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT IN AWARDING EXCESSIVE ATTORNEY FEES WHICH WERE NOT CALCULATED IN ACCORDANCE WITH APPLICABLE LAW."
 {¶ 12} Appellant argues that "[t]he record contains no evidence of the factors considered by the [probate court] in reaching its decision on the reasonableness of the attorney fees requested, that the trial court failed to consider the factor of "results obtained" in reaching its decision, and that "the record does not support the fact that the legal services performed were in conjunction with the concealment action."
 {¶ 13} As stated, we review a trial court's judgment awarding attorney fees only for an abuse of discretion. Demo, 101 Ohio App.3d at 388-389;Winograd, 65 Ohio App.3d 76. *Page 4 
"[T]he burden is upon the attorneys to introduce into the record sufficient evidence of the services performed and of the reasonable value of such services * * *." In re Verbeck's Estate (1962),173 Ohio St. 557, 559.
 {¶ 14} "Reasonable attorney fees must be based upon the actual services performed by the attorney and upon the reasonable value of those services as determined from the evidence, which must substantiate the award of fees as being reasonable." In re Estate of Kendall, Montgomery App. Nos. 21676, 21695, 2007-Ohio-1672, ¶ 17, citation omitted. Pursuant to Sup. R. 71, "attorney fees in all matters shall be governed by Rule 1.5 of the Code of Professional Responsibility." Rule 1.5 sets forth the following factors to consider: the time and labor required; the novelty and difficulty of the questions involved and the skill needed to properly perform the legal service; the inability to accept other cases, if apparent to the client; the fee customarily charged; the amount involved and results obtained; time limitations; nature of the client relationship; experience reputation and ability of attorney; and whether the fee is fixed or contingent. All factors may not be applicable in all cases, and the trial court has the discretion to determine which factors apply in each case, and in what manner that application will affect the calculation of fees. Bittner v. Tri-CountyToyota, Inc. (1991), 58 Ohio St.3d 143.
 {¶ 15} We first note that appellant stipulated to the hourly rate of $200 at the hearing. Therefore, any factor going to the reasonable value of the services performed by appellee's attorney is not at issue in this case.
 {¶ 16} Our review of the record reveals that the court, although not explicitly citing to the code, made references to relevant factors in its opinion. See Kendall at ¶ 18-19. Appellee's attorney sought compensation for 86.966 hours of work, at $200 per hour, totaling $17,393.20. The probate court granted judgment in favor of appellee in the amount of $14,836.60, for 74.183 hours of work at $200 per hour, stressing that an award of attorney *Page 5 
fees for any legal services related to any dealing with appellant was not warranted. The court recognized that although some of the interactions with heirs and beneficiaries of the estate may have been difficult or adversarial, they did not justify an award for attorney fees arising out of this concealment case. The court clearly restricted its consideration of fees "to legal services directly related to the concealment action and commencing with the preparation of the complaint," thereby considering the time and labor involved and limiting its award to appellee in accordance with its findings. The court also referred to its earlier decision and entry where it found appellant guilty of concealing certain assets of Homer's estate and noted that appellant failed to return certain items in accordance with the court's judgment, which resulted in an additional judgment against appellant for the value of the unreturned goods together with a ten percent penalty in accordance with the statute. Finally, the court considered the evidence adduced in the concealment action and acknowledged that appellant improperly asserted dominion over estate assets in a deliberate and intentional manner, necessitating the filing of the concealment action. It is apparent that the court considered appellee's success of obtaining a judgment against appellant in the concealment action and the fact that appellant's deliberate concealment of assets and the failure to return those assets led to additional unnecessary proceedings in the probate court. See Bittner at 145 (finding that the results-obtained factor is not synonymous with the monetary amount of the recovery, but rather the degree of success enjoyed by the prevailing party). Based upon the record, we find that the probate court did not abuse its discretion in calculating the attorney fees awarded to the estate. Accordingly, appellant's second assignment of error is also without merit.
 {¶ 17} Judgment affirmed.
 YOUNG and POWELL, JJ., concur. *Page 1