**[Cite as *In re Estate of Fetters*, 2016-Ohio-8232.]**

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| THE ESTATE OF JOHN ALLEN FETTERS | : | CASE NO. CA2016-05-007 |
| | : | O P I N I O N<br>12/19/2016 |
| | : | |
| | : | |

APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. PE 20150032

William E. Peelle, Sean Abbott, 1929 Rombach Ave., P.O. Box 950, Wilmington, Ohio 45177, for appellant, James Kiger

Jeffrey Fetters, 2179 Flakes Ford Road, Washington C.H., Ohio 43160, appellee, executor, pro se

**HENDRICKSON, J.**

{¶ 1} Appellant, James A. Kiger, appeals from the judgment of the Fayette County Court of Common Pleas, Probate Division, reducing the approved amount of attorney fees for appellant in the estate.

{¶ 2} On February 3, 2015, Jeffrey Fetters[1] hired attorney Kiger to assist him, as executor, with the administration of the estate of his late father, John Fetters, who passed

---

1. We note that Kiger's brief refers to Jeffrey Fetters by the name "Donald Fetters."

away testate leaving three children as his sole beneficiaries. The original schedule of assets and inventory reflected an estate valued at $1,045,383.12 and consisted of: (1) a Huntington Bank account of $91,776.37, (2) a Merchants National Bank account of $77,106.75, and (3) a one-half interest in real estate valued at $1,753,000, or $876,500. Later, Kiger amended the schedule of assets and inventory to delete the Merchants National Bank account because it was discovered to be transferable upon death, reducing the value of the estate to $968,276.37.

{¶ 3} Kiger administered the estate in 2015, and then, submitted an application for attorney fees with the probate court. In his application, Kiger calculated $29,674.99 as his attorney fees pursuant to Fayette County's guideline fee computation sheet and reduced such fee to a rounded whole number of $21,000 pursuant to Fayette County Local Rule 36(K). Kiger sought $21,000 in attorney fees based upon providing 77.25 hours of legal services at a rate of $275.00 an hour. The probate court held a hearing on the matter.

{¶ 4} At the hearing, Kiger, Fetters, and attorney David Jackman testified. In Kiger's testimony, he stated he has practiced law for 53 years, is experienced in the administration of estates, and has provided legal services to the Fetters family since the early 1990s. Further, Kiger claimed he had performed exemplary work for the estate totaling 77.25 hours of legal services. Kiger stated he believed the $21,000 requested attorney fees were not only reasonable, but that the total amount of his fees reflected he was underpaid for his services based on his experience and expertise. The total hours for his legal services included general estate administration services, in addition to "unique" services to this particular case, including personally attending the real estate appraisal, inspecting public record archives to compare a previous estate administration Kiger completed for the Fetters family, and personal tax and property advice to Fetters. Kiger testified he completed the estate administration on a timely basis and that his method of carrying out an estate administration

is one of an "old-fashioned lawyer," meaning he conducts most of his services by way of pen and paper, and then, gives his work to his secretary to transcribe into a computer. Additionally, Kiger provided the probate court with an itemized list of the services he performed for the estate in this case. The itemized list included the date the services were completed, a brief description of the work done, and the amount of time spent on each service in 15-minute increments.

{¶ 5}   The probate court questioned Kiger regarding the "unique" services that he provided for the estate. In response, Kiger testified that he could not rely on the validity of the written appraisal; thus, it is his procedure to personally attend appraisals. Kiger also testified he searched public record archives for the estate information that he had previously completed for the Fetters family. A task that included multiple trips to the archives to obtain the desired information for comparison to Kiger's personal case file for the prior Fetters estate.

{¶ 6}   Next, Fetters testified at the hearing. Fetters verified the accuracy of Kiger's itemized list of the services Kiger performed in the estate administration, which encompasses the work Kiger ultimately billed. Fetters expressed that he was originally happy with the work provided by Kiger, but upon hearing Kiger's testimony, he was having second thoughts. Fetters explained that Kiger had previously discussed the fee arrangement with him, including Kiger's hourly rate. Fetters assumed the reasonableness of the rate because he did not have a base of knowledge to individually judge the arrangement. Fetters testified that Kiger had volunteered to assist with an additional insurance policy that was nominal in value relative to the estate. However, Fetters only needed to obtain death certificates to handle the matter and felt he could have performed the task himself. Nonetheless, Kiger's itemized list reflects he undertook this task and billed for it.

{¶ 7}   Jackman was the final witness to testify. Jackman testified he has practiced

law in Ohio for 53 years and currently practices in London, Ohio. His practice includes probate and other related matters. Based on his experience, Jackman determined that the fee arrangement was fair and that Kiger could have charged Fetters more for his services. Following direct examination, the probate court questioned Jackman. In response, Jackman testified that his review of the case was limited to the itemized list documenting the services Kiger provided to administer the estate. Thus, Jackman provided testimony on the reasonableness of the fee arrangement without conducting a review of the estate file. Further, Jackman testified that he was uncertain of the appropriateness of a $275 hourly rate in Fayette County. Rather, he was only familiar with reasonable rates in the Columbus, Ohio area.

{¶ 8} Following the hearing, the probate court issued its judgment entry reducing Kiger's attorney fees from his requested $21,000 to $7,356.25. Kiger now appeals from this decision.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE PROBATE COURT ERRED AS A MATTER OF LAW WHEN IT REDUCED ATTORNEY KIGER'S SUBSTANTIALLY-REDUCED FEE FROM $21,000 TO $7,356.25.

{¶ 11} Kiger argues that he did not charge a clearly excessive fee because he has introduced sufficient evidence of the services he performed and of the reasonable value of such services. He argues his billed time was fair, proper, and reasonable. In support of these arguments, Kiger points to the reduction he made from the Fayette County guideline fee computation sheet to his requested $21,000 in attorney fees and his long relationship with the Fetters family. Kiger argues that an analysis of the factors enumerated in Prof.Cond.R. 1.5 demonstrates his attorney fees charged were not clearly excessive. Further, that the probate court – in determining the reasonableness of each individual billed

- 4 -

service – relied on its own unsupported expectations of the time required to complete the estate administration.

{¶ 12} This court reviews a trial court's judgment awarding attorney fees for an abuse of discretion. *In re Estate of Brate*, 12th Dist. Warren No. CA2007-08-103, 2008-Ohio-3517, ¶ 6, citing *Demo v. Demo*, 101 Ohio App.3d 383, 388-89 (12th Dist.1995). An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "[T]he burden is upon the attorneys to introduce into the record sufficient evidence of the services performed and of the reasonable value of such services * * *." *In re Verbeck's Estate*, 173 Ohio St. 557, 559 (1962). Further, the attorney bears the burden of proving that the billed time was fair, proper, and reasonable. *In re Dye*, 12th Dist. Fayette Nos. CA2011-04-004, CA2011-04-005, and CA2011-04-006, 2012-Ohio-2570, ¶ 44, citing *In re Estate of Williams*, 11th Dist. Lake No. 2003-L-200, 2004-Ohio-3993, ¶ 21.

{¶ 13} In a case before a probate court, R.C. 2113.36 provides the means for the payment of reasonable attorney fees in probate cases:

> [i]f an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of those fees and, on application of the * * * attorney, shall fix the amount of fees.

Pursuant to Sup.R. 71 and Loc.R. 36 of the Court of Common Pleas of Fayette County, Probate Division, attorney fees in all matters shall be governed by Rule 1.5 of the Code of Professional Responsibility.[2] Prof.Cond.R. 1.5 provides that an attorney "shall not make an agreement for, charge, or collect [a] * * * clearly excessive fee." Rule 1.5 further states "[a]

---

2. We note Fayette County Local Rules refer to DR 2-106 of the former Ohio Code of Professional Responsibility. Prof.Cond.R. 1.5(a) adopts the language contained in DR 2-106(A) and (B). *See* Comparison to former Ohio Code of Professional Responsibility (following Official Comment [10]).

fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a *reasonable* fee." (Emphasis sic.) The court uses a nonexhaustive list of factors to guide it in determining the reasonableness of a fee, including:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent.

Prof.Cond.R. 1.5, Official Comment [1] states that these factors are not exclusive and each factor may not be relevant in each instance.

{¶ 14} Our review of the record reveals that the probate court made explicit findings as to each factor in its decision. Moreover, the probate court made findings as to each individual billed service in light of the factors. Kiger sought compensation for 77.25 hours of work, at $275 per hour, totaling approximately $21,000. The probate court granted judgment in favor of Kiger in the amount of $7,356.25, for 26.75 hours of work at $275 per hour. In so doing, the probate court found several of the services rendered by Kiger unreasonable and not in conformity with Prof.Cond.R. 1.5. Many of the functions charged were found to be

clerical in nature; thus, unreasonable when billed at Kiger's attorney rate of $275 an hour. Additionally, the probate court found several services unreasonable because they were unnecessary to complete the estate administration or provided no benefit to the estate – including but not limited to – Kiger personally attending the appraisal of the real estate and giving Fetters *personal* real estate and tax advice unrelated to the estate administration. Finally, the probate court found several services unreasonable because they were completed in a highly inefficient manor. These services included, but were not limited to, billing seven hours to prepare an inventory for the estate where such inventory consisted of one bank account and a single piece of real estate as well as Kiger's choice to not employ automated modern practice methods to reduce the time needed to complete certain services.

{¶ 15} In addition to the findings specific to the work completed by Kiger, the probate court made individual findings relative to the factors enumerated in Prof.Cond.R. 1.5. As discussed above, the probate court restricted its determination of the reasonableness of Kiger's fees to the legal services the estate administration required him to perform; thereby, excluding any clerical, unnecessary, or inefficient services he provided. Accordingly, the probate court found the time and labor needed to complete the estate administration was less than what Kiger billed. Further, there was neither any novel or difficult questions nor any special skills required to perform the estate administration. Thus, the hours needed to efficiently and effectively complete the estate administration versus the hours billed by Kiger support the probate court's finding that the acceptance of employment for this estate would not have precluded Kiger from obtaining other employment.

{¶ 16} The probate court further found that Kiger placed far too much reliance on the suggested fees from the Fayette County guideline fee computation sheet. Kiger argues he already sufficiently reduced his fees well below the computation sheet suggested amount. However, the computation sheet is merely advisory and Prof.Cond.R. 1.5 is the definitive

basis for determining the reasonableness of attorney fees. Next, the probate court properly found the results obtained in this estate administration were the same as if any competent attorney had handled the matter. Further, there were not any time limits imposed by the client or circumstances. Rather, the court extended the time limit for the estate administration. Finally, the probate court properly considered the longstanding relationship between Kiger and the Fetters family as well as Kiger's 53 years of experience, including an extensive probate practice. This is evidenced by the probate court not conducting an analysis for a modification to what would be considered a reasonable hourly rate in Fayette County for Kiger's services. Rather, the probate court modified the total number of hours reasonable to bill for his services relative to the administration of this particular estate. Finally, the probate court properly noted Kiger did not charge a fixed or contingent fee.

{¶ 17} Based upon the record, we find that the probate court did not abuse its discretion in calculating the attorney fees awarded to Kiger for the administration of the estate because it set forth a reasonable basis supporting each of its deductions from the fee claimed. Kiger's assignment of error is overruled.

{¶ 18} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.