[Cite as *In re Estate of Dickens*, 2022-Ohio-1543.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| IN RE: | : | CASE NO. CA2021-09-012 |
| ESTATE OF MARY E. DICKENS | : | O P I N I O N<br>5/9/2022 |
| | : | |
| | : | |
| | : | |
| | : | |


APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20201065


Kathleen Mezher & Associates, and Kathleen D. Mezher, for appellant.


**M. POWELL, P.J.**

{¶ 1}  Appellant, Attorney Kathleen Mezher, appeals a decision of the Brown County Court of Common Pleas, Probate Division, reducing the amount of attorney fees for work performed during the administration of an estate.

{¶ 2}  Mary Dickens died testate on January 16, 2020, predeceased by a son and survived by three daughters, Sharon Williams, Carole Dotson, and Joyce Keethler. Dickens' will named Keethler as the executor.  Keethler hired Mezher to assist her in the

administration of the estate. The estate was opened on April 8, 2020. The schedule of assets and inventory reflected an estate valued at $51,045 and consisted of a small house, a 1992 Buick Le Sabre, a bank account with a few thousand dollars on deposit, and some furniture and other personal property which were specifically bequeathed. The administration of the estate involved the sale of Dickens' home, the transfer of the Buick to Dickens' great-granddaughter, and dealing with various beneficiaries regarding Dickens' personal property.

{¶ 3} On June 22, 2021, Keethler filed the final account, receipts and disbursements, and an application for attorney fees. The application sought approval of $5,970 in attorney fees based upon a $300 hourly fee whereas the Brown County Probate Court's attorney fee schedule ("guideline fee") called for a total fee of $1,605.18 for an estate of this size. Attached to the application was an itemized statement detailing Mezher's rendered legal services and the charges incurred for those services. Neither objections nor consents to the attorney fee application were filed by the beneficiaries. Consequently, pursuant to Brown County Probate Court Loc.R. 71.1, the probate court held a hearing on the matter. Mezher, Keethler, Williams, and Dotson attended the hearing.

{¶ 4} Mezher testified that the estate "was "not much of an estate," that there were numerous beneficiaries, including the children of Dickens' predeceased son, that discord between Keethler, Williams, and Dotson was prevalent throughout the administration of the estate and prevented cooperation, and that she had "[a] very difficult time communicating with these ladies." Mezher generally testified that the administration of the estate generated substantial communications due to the number of beneficiaries, the need for all beneficiaries to agree to the transfer of the Buick to the great-granddaughter, and the need to arrange for beneficiaries to pick up items bequeathed in the will. Mezher further testified there were "several months of downtime during Covid where there wasn't a lot of

communication" and that "[it] took numerous emails" for Williams and Dotson to finally deposit their distribution checks and sign off on the final account. Mezher conceded that her requested attorney fees were above the probate court's guideline fee and that the administration of the estate should not have been that difficult and taken that much time, given the size of the estate. Nevertheless, Mezher stated that her attorney fees were reasonable and necessary because of "the time spent involved in the case and getting it done."

{¶ 5} Testimony at the hearing shows that the sale of Dickens' home, a cash buy, was set up by the buyer's realtor and that it proceeded smoothly. Mezher testified there was "a bit of a hiccup" in that Dickens had been married twice and her son and both of her husbands had predeceased her. "[F]ortunately with [Keethler's] legwork," Mezher was able to get the death certificates for all three men as well as Dickens' divorce decrees.

{¶ 6} Regarding the $5,970 in attorney fees requested by Mezher, Keethler testified that the amount was appropriate given the many hours Mezher spent administering the estate; by contrast, Williams and Dotson expressed concerns about the amount. Dotson testified that while Mezher most likely did a lot of work for the estate, the requested attorney fees were "steep." Dotson expressed her displeasure and surprise that Mezher charged attorney fees for phone calls and emails and "every time we had a question." Dotson stated she likely talked to Mezher four times. Williams testified that while communicating with Mezher "was supposed to be for the estate, [it] turned out to be more of a communication for [Keethler]." Williams testified Mezher refused to talk to her and thereafter ignored Williams' emails. Mezher conceded there were no phone communications between her and Williams but stated there were emails.

{¶ 7} Regarding their failure to promptly deposit their distribution checks and sign off on the final account, Dotson testified she hesitated in signing the check because she

was sick for several weeks. Furthermore, she was not comfortable in having someone else deposit the check at the bank, as suggested by Mezher. Williams testified she hesitated in signing documents for items she had never received such as Dickens' antique table. Williams testified she ultimately felt pressured to sign documents to move the estate.

{¶ 8} On August 17, 2021, the probate court issued a judgment entry reducing Mezher's attorney fees from her requested $5,970 to $1,605.18. The probate court found that: the fee agreement between Keethler and Mezher provided for a fee based upon the probate court's guidelines for the administration of an estate unless the guideline fee was not approved by the probate court, in which case Mezher was to produce an itemized bill for services rendered at the hourly rate of $300; Mezher never filed an application for extraordinary attorney fees as required by the fee agreement, Brown County Probate Court Loc.R. 71.1, and R.C. 2113.36; and Mezher never claimed the administration of the estate involved extraordinary or cumbersome work prior to submitting the attorney fee application. The probate court further found that: it was neither advised during the administration of the estate that any party or beneficiary was causing "undue delay" nor asked to intervene or assist; the estate was "a very straight forward, middle-of-the-road, estate"; and the estate was "delayed by a lack of proper communication by all parties coupled with Covid" and a failure to set up meetings with the beneficiaries to discuss problems.

{¶ 9} Mezher now appeals, raising one assignment of error:

{¶ 10} THE TRIAL COURT ERRED BY DENYING ATTORNEY FEES IN EXCESS OF THE GUIDELINES FEES, DISREGARDING THE APPROVAL OF THE EXECUTOR AND THE ITEMIZATION PROVIDED FOR ALL SERVICES RENDERED SHOWING THE EXTRAORDINARY AMOUNT OF WORK NEEDED IN THE ADMINISTRATION.

{¶ 11} Mezher argues the probate court abused its discretion by reducing the attorney fees from her requested $5,970 to the $1,605.18 guideline fee because her fee

agreement with Keethler supports the attorney fee application, no objections to the attorney fees were filed before the hearing, there was no dispute the services listed in the attorney fee application were performed, no one questioned the validity of any specific item in the fee itemization at the hearing; and the probate court admitted at the hearing that Mezher's $300 hourly rate was appropriate. Mezher asserts that the administration of the estate was complicated and prolonged and generated an inordinate amount of communications because of the contention among the beneficiaries regarding the distribution of Dickens' personal property, the transfer of the Buick, and the sale of Dickens' house, the need to prepare a contract and obtain necessary consents for the transfer of the Buick, multiple communications with Keethler and a title company for the sale of the house, and the failure of Williams and Dotson to timely deposit their distribution checks.

{¶ 12} An attorney retained to assist in the administration of an estate is entitled to reasonable attorney fees paid as part of the expenses of administration. *In re Estate of Bretschneider*, 11th Dist. Geauga No. 2005-G-2620, 2006-Ohio-1013, ¶ 6. R.C. 2113.36 provides the means for the payment of reasonable attorney fees in probate cases:

> If an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of those fees and, on application of the executor or administrator or the attorney, shall fix the amount of the fees.

{¶ 13} Prof.Cond.R. 1.5(a) provides a nonexhaustive list of factors to guide the probate court in determining the reasonableness of a fee, including:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

"[T]hese factors are not exclusive and each factor may not be relevant in each instance." *In re Estate of Fetters*, 12th Dist. Fayette No. CA2016-05-007, 2016-Ohio-8232, ¶ 13.

{¶ 14} The determination of whether the attorney fees are reasonable and the amount of those fees are matters within the probate court's discretion and will not be reversed on appeal absent an abuse of that discretion. *Id.* at ¶ 12. "[T]he burden is upon the attorneys to introduce into the record sufficient evidence of the services performed and of the reasonable value of such services[.]" *In re Estate of Verbeck*, 173 Ohio St. 557, 559 (1962). Further, the attorney bears the burden of proving that the billed time was fair, reasonable, and proper. *In re Estate of Fetters* at ¶ 12.

{¶ 15} "Reasonable" fees must be reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which the payment is being made. *In re Estate of Daily*, 12th Dist. Madison No. CA99-03-011, 1999 Ohio App. LEXIS 5118, *7 (Nov. 1, 1999). "A probate court is not bound to accept an attorney's itemization of services performed on behalf of an estate and its fiduciary." *In re Estate of Murray*, 11th Dist. Trumbull No. 2004-T-0030, 2005-Ohio-1892, ¶ 24. Although an attorney's time and labor are relevant in determining the reasonableness of attorney fees, it is but one of the factors a probate court must consider. *In re Estate of Dye*, 12th

Dist. Fayette Nos. CA2011-04-004 thru CA2011-04-006, 2012-Ohio-2570, ¶ 46.

{¶ 16} The fee agreement between Keethler and Mezher provided in relevant part that

> The Client agrees to pay the Firm a fee based on the guidelines of the Brown County Probate Court for the administration of the estate. * * * If for any reason the guideline fees are not approved by the Probate Court, the client agrees that the Firm shall produce an itemized bill for services rendered based on the rate of $300.00 per hour. * * * If extraordinary circumstances in the Matter should require additional work beyond the usual and customary amount of work required for similar estates, the Client agrees to pay the additional attorney fees as approved by the Probate Court.

{¶ 17} As pertinent here, Brown County Probate Court Loc.R. 71.1 provides that

> If counsel requests a fee that is not within the guidelines set forth below, an Application to Approve Attorney Fees, (Form 10.5), signed by the attorney and fiduciary and supported by the attorney's time records for all services, including time for services both within and outside of the guidelines shall be filed with the Court. If all of the residuary beneficiaries of the probate estate and all other parties affected by the payment of said fees have consented in writing to the payment of such fees, the application may be approved or set for hearing at the Court's discretion. If all of the residuary beneficiaries of the probate estate and all other parties affected by the payment of said fees have not consented in writing to the payment of such fees, the application shall be set for a hearing.

> Attorney fees for the administration of an Ohio resident decedent's probate estate as set forth below may serve as a guide in determining fees to be charged to the probate estate for legal services of an ordinary nature rendered as attorney for the fiduciary in the administration of an Ohio resident decedent's probate estate.

> Attorney fees calculated under this guideline * * * shall be rebuttably presumed to be reasonable[.]

{¶ 18} The attorney fee application requested $5,970 in attorney fees or $4,364.82 above the guideline fee. While no objections to the attorney fee application were filed, the beneficiaries did not consent to the application. Thus, the probate court held a hearing on

the application in compliance with Brown County Probate Court Loc.R. 71.1.

{¶ 19} Contrary to Mezher's assertion, the fee agreement does not support the attorney fee application. The fee agreement explicitly states that Keethler agreed to pay Mezher attorney fees based upon the probate court's guideline fee and that, "[i]f for any reason the guideline fees are not approved by the Probate Court," Mezher "shall produce an itemized bill for services rendered based on the rate of $300.00 per hour." The probate court never disapproved the guideline fee, thereby requiring Mezher to produce an itemized bill pursuant to the fee agreement, because the attorney fee application did not request the guideline fee or explain why the guideline fee was not used. Nor was an application for extraordinary attorney fees filed. Instead, a standard fee application was filed with the final account. The application sought $5,970 in attorney fees, well above the guideline fee, but failed to identify the extraordinary circumstances justifying the request of $4,364.82 in extraordinary attorney fees.

{¶ 20} A review of Mezher's itemized statement attached to the attorney fee application indicates that legal services were rendered in the matter from late January 2020 through May 2021, or approximately 16 months. The itemized statement also included Mezher's upcoming attendance at the attorney fee hearing which, the trial court noted, "was needed due, in part, to counsel's failure to declare and outline why her fees were extraordinary or file and request the Court to set aside the fee agreement." Mezher billed two hours for the hearing at her $300 hourly rate.

{¶ 21} Not including Mezher's attendance at the hearing, the itemized statement indicates that Mezher provided 32.9 hours of legal services and sought payment of $300 an hour for 17.9 hours. The itemized statement further indicates that 8.4 hours were devoted to dealing with the sale of the house and transfer of the Buick and communicating with Williams and Dotson. There was "NO CHARGE" for five of those hours and a $300

hourly charge for 3.4 of those hours. Of those 3.4 hours, some of that time can be attributed to ordinary services in the administration of the estate; two of the functions charged were clerical in nature. The record indicates that notwithstanding the multitude of emails, this was not an unusual case involving litigious beneficiaries or multiple motions and hearings. The administration of the estate was legally unremarkable and relatively uncomplicated.

{¶ 22} In light of Mezher's itemized statement, the fee agreement with Keethler, the failure to set up meetings with the beneficiaries or request the probate court's assistance or intervention to resolve issues caused by the discord between the beneficiaries during the administration of the estate, we find that the probate court did not err in finding "there has been no basis given to not adhere to the Brown County Probate Court guidelines for administration of Estate as set forth in [fee agreement between] Joyce Keethler and Kathleen Mezher." While the probate court did not specifically recite each factor of Prof.Cond.R. 1.5(a) in its judgment entry, the court's findings of fact show it considered the evidence submitted at the hearing in relation to the applicable factors and applied all relevant factors in reaching its decision. The probate court did not abuse its discretion in denying the request for extraordinary attorney fees and reducing Mezher's requested fee of $5,970 to the guideline amount of $1,605.18.

{¶ 23} Mezher's assignment of error is overruled.

{¶ 24} Judgment affirmed.

S. POWELL and BYRNE, JJ., concur.